# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| AUBREANNA HOOPES, <br><br> Plaintiff, <br><br> v. <br><br> OWNERS INSURANCE COMPANY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:15-cv-00734-PMW <br><br> Chief Magistrate Judge Paul M. Warner |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Aubreanna Hoopes' ("Plaintiff") short form motion to compel production of unredacted communications with counsel.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 8.

[2] *See* docket no. 37.

In her motion, Plaintiff requests an order compelling Owners Insurance Company ("Defendant") to produce all documents and communications with its in-house counsel. Plaintiff argues that Defendant should be required to produce those communications because Defendant has asserted an advice-of-counsel defense, thereby resulting in a waiver of the attorney-client privilege with respect to the communications. Plaintiff also appears to argue that because Defendant has waived the attorney-client privilege for its communications with outside counsel, that somehow results in a waiver for its communications with in-house counsel.

In response, Defendant maintains that it has asserted an advice-of-counsel defense directed only to the advice of its outside counsel, not its in-house counsel. Defendant admits that it has waived the attorney-client privilege with respect to its outside counsel and produced its communications with outside counsel to Plaintiff. However, Defendant contends that has not asserted reliance on any investigation or advice given by its in-house counsel and has not named its in-house counsel as a witness in this case. For those reasons, Defendant argues that there has been no waiver of the privilege for communications with its in-house counsel.

The court is unpersuaded by Plaintiff's arguments. First, the court finds meritless Plaintiff's contention that Defendant's assertion of an advice-of-counsel defense waives the attorney client-privilege for communications with in-house counsel. It is true that, "[g]enerally, when a party places privileged matters at issue in the litigation that party implicitly consents to disclosure of those matters." *Terry v. Bacon*, 269 P.3d 188, 193 (Utah Ct. App. 2011) (quotations and citation omitted).[3] However, "[c]ommunications between the attorney and client are placed

---

[3] Defendant correctly notes that Utah law applies to the court's analysis of attorney-client privilege. *See* Fed. R. Evid. 501.

in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by *disclosing or describing an attorney client communication*." *Id*. (emphasis added) (quotations and citation omitted). In this case, while Defendant has asserted an advice-of-counsel defense, it is directed only at the advice of its outside counsel. Defendant has not attempted to prove that defense by "disclosing or describing an attorney client communication" with its in-house counsel. *Id*. (quotations and citations omitted). Therefore, the court concludes that Defendant's assertion of its advice-of-counsel defense does not waive the attorney-client privilege for communications with its in-house counsel.

Second, the court concludes that Defendant's waiver of the attorney-client privilege for communications with its outside counsel has no bearing on whether Defendant has waived the privilege for communications with in-house counsel. When a party "volunteer[s] information concerning specific attorney-client communications of a substantial nature," the attorney-client privilege is waived; however, that waiver is "limited to the particular subject matter *and* the conversation disclosed." *Doe v. Maret*, 984 P.2d 980, 987 (Utah 1999) (emphasis in original), *overruled on other grounds by Munson v. Chamberlain*, 173 P.3d 848 (Utah 2007). In this case, Defendant admits that it has waived the attorney-client privilege for its communications with outside counsel. At the same time, Defendant has not volunteered any specific attorney-client communications with its in-house counsel. Consequently, it has not waived the privilege with respect to those communications. *See id*.

Based on the foregoing, Plaintiff's short form motion to compel production of unredacted communications with counsel[4] is DENIED.

IT IS SO ORDERED.

DATED this 6th day of March, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 37.