# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| AUBREANNA HOOPES, <br><br> Plaintiff, <br><br> v. <br><br> OWNERS INSURANCE COMPANY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:15-cv-00734-PMW <br><br> Chief Magistrate Judge Paul M. Warner |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court are Aubreanna Hoopes' ("Plaintiff") (1) motion to compel discovery into Owners Insurance Company's ("Defendant") claims handling practices after the filing of the complaint and affirmative motion in limine,[2] and (2) short form motion to compel Defendant's Rule 30(b)(6) deposition.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 8.

[2] *See* docket no. 61.

[3] *See* docket no. 62.

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

**I.     Plaintiff's Motion to Compel Discovery into Defendant's Claims Handling Practices After the Filing of the Complaint and Affirmative Motion in Limine**

This case arises from a June 23, 2010 automobile-pedestrian accident between a vehicle and Plaintiff. After the accident, the vehicle driver's insurer tendered its policy limit to Plaintiff. Thereafter Plaintiff made a claim to Defendant, which was Plaintiff's father's insurer at the time of the accident, for underinsured motorist ("UIM") benefits. Plaintiff made several demands for UIM benefits from Defendant. The parties do not dispute that Defendant has never formally accepted or rejected Plaintiff's claim for UIM benefits.

On September 29, 2015, Plaintiff filed the instant lawsuit against Defendant. Plaintiff's complaint includes causes of action for breach of contract, breach of the covenant of good faith and fair dealing, violation of certain state statutes, and infliction of emotional distress. During

discovery, Plaintiff sought information from Defendant concerning actions Defendant had taken after the filing of the complaint in this case. Defendant objected to providing that information.

In the instant motion, Plaintiff seeks a court order allowing her to conduct discovery into actions taken by Defendant, and the reasons justifying those actions, that occurred after the filing of the complaint in this case. Plaintiff also seeks a court order declaring that said discovery is admissible in evidence at trial. Plaintiff contends that said discovery is relevant to her claim for breach of the covenant of good faith and fair dealing.

Defendant opposes Plaintiff's motion by arguing that Plaintiff is not entitled to conduct discovery into actions taken by Defendant after the filing of the complaint in this matter. Defendant contends that Plaintiff's complaint was effectively "a *de facto* denial" of her claim for UIM benefits.[4] Defendant further argues that the information sought by Plaintiff is not relevant and is protected by the attorney-client and the work-product privileges.

As demonstrated above, the parties have framed the issue before the court in terms of whether discovery is allowed after the filing date of the complaint. However, the court concludes that the filing date of the complaint is not relevant to whether discovery should be allowed after its filing. Instead, the court concludes that, based on the authorities referenced below, the proper enquiry is the date of the denial of Plaintiff's claim.

In Utah, in order to establish a first-party claim in the insurance context for breach of the covenant of good faith and fair dealing, a plaintiff must establish that the insurer failed to "diligently investigate the facts to enable it to determine whether [the] claim is valid," failed to "fairly evaluate the claim," or failed to "*act promptly and reasonably in rejecting or settling the*

---

[4] Docket no. 64 at 3.

*claim.*" *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 533 (Utah 2002) (quotations and citations omitted) (emphasis added); *see also Lieber v. ITT Hartford Ins. Ctr., Inc.*, 15 P.3d 1030, 1037 (Utah 2000); *Gibbs M. Smith, Inc. v. United States Fid. & Guar. Co.*, 949 P.2d 337, 344 (Utah 1997); *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985). "If an insurer acts reasonably in *denying* a claim, then the insurer did not contravene the covenant" of good faith and fair dealing. *Prince*, 56 P.3d at 533 (emphasis added). "The *denial* of a claim is reasonable if the insured's claim is fairly debatable. Under Utah law, if an insurer *denies* an insured's claim [that] is fairly debatable, [then] the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so." *Id* at 533-34 (emphasis added) (alterations in original) (quotations and citations omitted). Finally, the determination of whether a claim was fairly debatable is made at the time the claim was *denied*. *See Jones v. Farmers Ins. Exch.*, 286 P.3d 301, 304 (Utah 2012).

Based upon the above-referenced authorities, when considering a claim for breach of the covenant of good faith and fair dealing in the insurance context, the relevant endpoint for discovery is typically the date of the denial of an insurance claim. In this case, it is undisputed that Defendant has never formally denied Plaintiff's claim for UIM benefits. Consequently, the court concludes that the endpoint for discovery has never been triggered and that Plaintiff is entitled to conduct discovery into Defendant's actions after the filing of the complaint. As noted above, Defendant argues that the filing of Plaintiff's complaint was effectively "a *de facto* denial" of her claim for UIM benefits.[5] The court concludes that Defendant's argument is without merit. Defendant has failed to cite any relevant or binding authority for the principle

---

[5] Docket no. 64 at 3.

that a plaintiff can deny his or her own claim for insurance benefits by filing a complaint.
Furthermore, as noted by Plaintiff, it was Defendant's duty under Utah law to "act promptly and reasonably in rejecting or settling the claim." *Prince*, 56 P.3d at 533 (quotations and citations omitted).

Defendant also argues that the discovery sought by Plaintiff is not relevant. That argument is likewise without merit. Defendant does not appear to question the relevance of its actions prior to the filing of Plaintiff's complaint. As noted above, without a formal denial of Plaintiff's claim, the time frame for discoverable information has not closed. As such, the court will not draw an arbitrary line for the relevance of Defendant's actions at the filing date of Plaintiff's complaint. Furthermore, and contrary to Defendant's argument, the court concludes that the discovery sought by Plaintiff is indeed relevant and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). It is important to the issues at stake in this case and their resolution. *See id*. Additionally, Defendant has not established that the burden or expense of the proposed discovery outweighs its likely benefit. *See id*.

Defendant further argues that the information sought by Plaintiff is protected by the attorney-client and work-product privileges. While that may or no prove to be true, the court cannot, based on the arguments presented by the parties, conclude that all information sought by Plaintiff is so protected. Furthermore, Plaintiff has repeatedly asserted that her proposed discovery goes only to Defendant's business actions, not to any attorney-client or work-product protected information. With that assertion in mind, the court admonishes Plaintiff to refrain from seeking any information that may be protected by the attorney-client or work-product privileges.

In summary, the court concludes that, under the facts of this case, Plaintiff is entitled to conduct discovery into Defendant's actions after the filing of the complaint and that the information sought by Plaintiff is relevant and proportional to the needs of this case. Accordingly, Plaintiff's motion to compel is granted. Within thirty (30) days after the date of this order, Defendant shall provide all responsive, relevant, and non-privileged information sought by Plaintiff relating to Defendant's actions after the filing of the complaint. At the same time, Plaintiff is admonished to refrain from seeking any information from Defendant that is protected by any privileges, including the attorney-client and work-product privileges.

As a final matter, the court addresses Plaintiff's affirmative motion in limine, in which she seeks a court order declaring as admissible all information about Defendant's actions after the filing of the complaint. That motion is denied. Without knowing the content of the information, the court cannot possibly reach any conclusions about admissibility. To be clear, in this order, the court concludes only that the information sought by Plaintiff about Defendant's actions after the filing of the complaint is discoverable. Any admissibility issues will be addressed by the court when they become ripe for decision.

## II.     Plaintiff's Short Form Motion to Compel Defendant's Rule 30(b)(6) Deposition

On April 26, 2018, Plaintiff served a Rule 30(b)(6) deposition notice upon Defendant. That Rule 30(b)(6) deposition was noticed for the same day as the deposition of one of Defendant's employees, Mr. Greg Short ("Mr. Short"). Notably, the fact discovery deadline in this case was April 15, 2018.[6]

---

[6] *See* docket no. 28.

In this motion, Plaintiff seeks a court order allowing her to take Defendant's Rule 30(b)(6) deposition. Plaintiff argues that if Defendant will not stipulate that Mr. Short's testimony will serve as Defendant's Rule 30(b)(6) testimony, then Plaintiff should be entitled to conduct a separate Rule 30(b)(6) deposition of Defendant. Alternatively, Plaintiff requests that the court preclude Defendant from calling any corporate witness not identified in Defendant's Rule 26(a)(1) disclosures or denying at trial that Mr. Short's testimony is Defendant's Rule 30(b)(6) testimony.

In response, Defendant argues that Plaintiff's deposition notice was untimely. Defendant also argues that Plaintiff is, in essence, improperly insisting that Mr. Short serve as Defendant's Rule 30(b)(6) representative.

The court agrees with Defendant's arguments. Although Plaintiff has provided some explanatory arguments concerning the lateness of her Rule 30(b)(6) deposition notice, the court finds those arguments to be meritless. Plaintiff has had more than ample time in this case to seek Defendant's Rule 30(b)(6) deposition, yet she waited until after the expiration of fact discovery to do so. Put simply, Plaintiff's Rule 30(b)(6) deposition was untimely. Additionally, the court concludes that Plaintiff's motion is an improper attempt to force Defendant to name Mr. Short as its Rule 30(b)(6) representative after Plaintiff failed to serve a timely Rule 30(b)(6) deposition notice. As noted by Defendant, it is Defendant's decision to name a Rule 30(b)(6) representative, not Plaintiff's. For those reasons, the court will not order that Mr. Short's deposition testimony is Defendant's Rule 30(b)(6) testimony or allow Plaintiff to take a separate Rule 30(b)(6) deposition.

Turning to Plaintiff's alternative request, Plaintiff has provided no relevant or binding authority for the unique proposition that the court should either preclude Defendant from calling any corporate witness not identified in Defendant's Rule 26(a)(1) disclosures or denying at trial that Mr. Short's testimony is Defendant's Rule 30(b)(6) testimony. Again, the court views this as nothing more than an improper attempt to force Defendant to name Mr. Short as its Rule 30(b)(6) representative after Plaintiff failed to serve a timely Rule 30(b)(6) deposition notice.

For those reasons, Plaintiff's short form motion to compel is denied.

## **CONCLUSION AND ORDER**

In summary, and as detailed above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel discovery into Defendant's claims handling practices after the filing of the complaint[7] is GRANTED, and Plaintiff's affirmative motion in limine[8] is DENIED.

2. Plaintiff's short form motion to compel Defendant's Rule 30(b)(6) deposition[9] is DENIED.

IT IS SO ORDERED.

DATED this 5th day of July, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[7] *See* docket no. 61.

[8] *See id.*

[9] *See* docket no. 62.